2017 ND 149

In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST Jesse D. MATSON, a person admitted to the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Jesse D. Matson, Respondent

Nos. 20170101-20170121

Supreme Court of North Dakota.

Filed 6/19/2017

DISBARMENT ORDERED.

Per Curiam.

[¶ 1] The Court has before it findings of fact, conclusions of law and recommendations of a hearing panel recommending Jesse D. Matson be disbarred from the practice of law for violation of N.D.R. Prof. Conduct 1.1, 1.3, 1.4, 1.5, 1.16, 3.2, 3.3, 8.4, and N.D.R. Lawyer Discipline 6.3. We disbar Matson, and we order him to pay the costs and expenses of the disciplinary pro-

ceeding in the amount of $250; to reimburse clients, and to reimburse the North Dakota Client Protection Fund for any payments made to clients on his behalf.

[¶ 2] Matson was admitted to practice law in North Dakota on October 10, 2011. On September 15, 2015, Matson was placed on interim suspension. *See Disciplinary Board v. Matson*, 2015 ND 222, 869 N.W.2d 128. His interim suspension was imposed until final disposition of the three disciplinary proceedings pending at that time.

[¶ 3] The following formal matters form the basis of the amended petition for discipline at issue: 5783–SE–1503, 5805–SE–1504, 5808–SE–1505, 5809–SE–1505, 5813–SE–1505, 5826–SE–1505, 5869–SE–1508, 5878–SE–1508, 5882–SE–1509, 5885–SE–1509, 5894–SE–1509, 5895–SE–1509, 5904–SE–1510, 5907–SE–1510, 5911–SE–1510, 5913–SE–1511, 5919–SE–1511, 5920–SE–1511, 5926–SE–1512, 5934–SE–1601, and 5957–SE–1603. Matson failed to answer the amended petition, and Disciplinary Counsel moved for default. Matson is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶ 4] The hearing panel made the following findings of fact and conclusions. Matson represented clients in criminal and civil matters. Disciplinary complaints were filed by clients, an opposing party, and a judge.

[¶ 5] Matson collected advance fees from clients. He did not maintain or deposit client funds in an identifiable interest bearing trust account. He failed to perform the work to justify the fees collected, and he failed to return any unearned funds to clients. He did not have records showing how, when, or if he earned the fees. Matson did not refund client funds when he abandoned his practice. The hearing panel concluded Matson

misappropriated and converted client funds and property.

[¶ 6] While practicing law, Matson submitted incomplete and poor quality paperwork; failed to understand the requirements of hearings; failed to be aware of pertinent statutes of limitations for claims; failed to submit responses or objections to filed documents or requests by opposing counsel and submitted untimely responses; failed to review documents provided by opposing parties; failed to appear at hearings; failed to monitor the status of proceedings; failed to forward pertinent settlement documents; failed to prepare for hearings; failed to return communications from clients; failed to provide updates on the status of ongoing matters; failed to communicate and discuss the substance of settlement offers; failed to expedite litigation, and failed to provide requested information to clients. With regard to the matter involving an opposing party, Matson filed numerous documents serving no legitimate purpose, causing the attorney's fees of the opposing party to needlessly increase.

[¶ 7] Matson materially misrepresented facts when he told multiple clients he would or had completed work on their matters, but work had not been started or had not been completed. Matson also misrepresented facts when communicating with clients, courts, and opposing counsel.

[¶ 8] Matson had no contact with clients after September 15, 2015. Matson abandoned his practice without good cause or notice to clients. He terminated representation of clients without being otherwise discharged from representation, and he did not return clients' files.

[¶ 9] Matson failed to notify clients of his interim suspension from the practice of law as required by this Court's order in

*Matson*, 2015 ND 222, 869 N.W.2d 128 and N.D. Discipl. R. 6.3. He failed to pay the costs and expenses ordered in *Matson*.

[¶ 10] The hearing panel concluded Matson's conduct violated N.D.R. Prof. Conduct 1.1, Competence, by failing to provide competent representation to his clients; 1.3, Diligence, by failing to act with reasonable diligence and promptness in representing his clients; 1.4, Communication, by failing to adequately communicate with his clients; 1.5, Fees, by collecting unreasonable fees compared to the work done for clients; 1.15, Safekeeping Property, by not properly depositing client funds directly into an IOLTA account when necessary, failing to maintain records regarding fees and client funds, and misappropriating client funds; 1.16, Declining or Terminating Representation, by failing to return unearned funds or client files after his representation terminated or after he abandoned his practice and by converting client funds; 3.2, Expediting Litigation, by frequently being late for appearances, failing to appear, failing to submit requested documents to the court, and failing to respond to opposing counsel's documents or requests; 3.3, Candor Toward the Tribunal, by making false statements to a tribunal to justify failures to file documents; 8.4, Misconduct, by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation that reflected adversely on his fitness as a lawyer; and N.D.R. Lawyer Discipl. 6.3, by failing to notify clients of his interim suspension in *Matson*, 2015 ND 222, 869 N.W.2d 128.

 [¶ 11] The hearing panel concluded aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a prior discipline history, dishonest and selfish motive, a pattern of misconduct, and multiple offenses.

[¶ 12] The hearing panel concluded disbarment was the appropriate sanction. It also recommended that Matson pay restitution in the amounts found in the amended petition for discipline and pay costs and expenses with relation to these disciplinary proceedings.

[¶ 13] The findings of fact, conclusions of law, and recommendations were served and forwarded to this Court. Objections were due within 20 days of service of the findings of fact, conclusions of law, and recommendations. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 14] **ORDERED**, that the stipulation for findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶ 15] **IT IS FURTHER ORDERED,** that Jesse D. Matson is DISBARRED from the practice of law in North Dakota effective immediately.

[¶ 16] **IT IS FURTHER ORDERED,** that within 90 days of entry of judgment, Matson pay restitution to clients as follows:

| Client | Discipline File No. | Amount |
|---|---|---|
| Sean Lawler | 5805-SE-1504 | $4,000 |
| Kelly Rasmussen | 5809-SE-1505 | $1,500 |
| Douglas Ganje | 5826-SE-1505 | $4,000 |
| Eric Johnson | 5878-SE-1508 | $4,000 |
| Jeremy Schark | 5882-SE-1509 | $3,500 |
| Shawn and Jenelle Hodny | 5885-SE-1509 | $4,000 |
| Joline Sinner | 5894-SE-1509 | $1,250 |
| Brenda Courtney | 5895-SE-1509 | $4,000 |
| Scott Heggestuen | 5907-SE-1510 | $2,000 |
| Shane Schmidt | 5913-SE-1511 | $4,000 |
| Heather Thompson | 5919-SE-1511 | $3,000 |
| Linda Coleman | 5920-SE-1511 | $3,000 |
| Ronald Olson | 5926-SE-1512 | $14,000 |
| Amanda Robinette | 5934-SE-1601 | $5,000 |
| Stephen Luate | 5957-SE-1603 | $2,000 |

[¶ 17] **IT IS FURTHER ORDERED,** that Matson pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 90 days of entry of judgment.

[¶ 18] **IT IS FURTHER ORDERED,** that Matson make restitution to the North Dakota Client Protection Fund for any amounts paid now or in the future on his behalf within 90 days of entry of the judgment in this matter or the payment made by the Client Protection Fund, whichever is sooner.

[¶ 19] **IT IS FURTHER ORDERED,** that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶ 20] **IT IS FURTHER ORDERED,** that Matson must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 21] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers

Carol Ronning Kapsner

Daniel J. Crothers

Jerod E. Tufte