2017 ND 256

In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST Jesse D. MATSON, a Person Admitted to the Bar of the State of North Dakota

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**Jesse D. Matson, Respondent**

Nos. 20170343-20170344

Supreme Court of North Dakota.

Filed 11/13/2017

DISBARMENT ORDERED.

Per Curiam.

[¶ 1] The Court has before it findings of fact, conclusions of law and recommendations of a hearing panel recommending Jesse D. Matson be disbarred from the practice of law for violation of N.D.R. Prof. Conduct N.D.R. Prof. Conduct 1.3, 1.4, and

1.16. We disbar Matson, and we order him to pay the costs and expenses of the disciplinary proceeding in the amount of $250, to reimburse clients, and to reimburse the North Dakota Client Protection Fund for any payments made to clients on his behalf.

[¶ 2] Matson was admitted to practice law in North Dakota on October 10, 2011. Effective September 15, 2015, Matson was suspended for six months and one day. *See Disciplinary Board v. Matson*, 2015 ND 222, 869 N.W.2d 128. On June 19, 2017, Matson was disbarred. *See Disciplinary Board v. Matson*, 2017 ND 149, 897 N.W.2d 11. On September 18, 2017, Matson was disbarred based on reciprocal discipline. *See Disciplinary Board v. Matson*, 2017 ND 222, 902 N.W.2d 500.

[¶ 3] Two formal matters form the basis of the petition for discipline in these matters. Disciplinary Counsel filed an affidavit outlining efforts to serve Matson in prior disciplinary matters, which were unsuccessful. Therefore, all service in these matters was made on the Clerk of the Supreme Court under Admission to Practice R. 1.

[¶ 4] Matson failed to answer the amended petition, and Disciplinary Counsel moved for default. Matson is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶ 5] The hearing panel made the following findings of fact and conclusions. In both matters, Matson represented clients in family law matters. In the first matter, the client paid Matson $4,000 to represent him in 2014. Matson failed to communicate with the client. He failed to perform the agreed upon services, abandoned the client without notice, and failed to return any unearned funds or the client's file.

[¶ 6] In the second matter, the client paid Matson $3,000. Matson communicated intermittently with the client. He later requested an additional $1,000 to complete the representation. After the $1,000 payment was made, Matson failed to communicate with the client. He failed to perform the agreed upon services, abandoned the client without notice, and failed to return any unearned funds. Matson told the client a number of times documents were filed with the district court, which was untrue.

[¶ 7] The hearing panel concluded Matson's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness in representing his clients; 1.4, Communication, by failing to keep his clients adequately informed about their matters, ceasing communication with his clients, and by lying to one client; 1.16, Declining or Terminating Representation, by failing to protect his clients' interests after he improperly terminated representation, failing to return unearned funds, and failing to return the file of one client.

[¶ 8] The hearing panel concluded aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a prior discipline history, dishonest and selfish motive, a pattern of misconduct, and multiple offenses. The hearing panel concluded disbarment was the appropriate sanction.

[¶ 9] The findings of fact, conclusions of law, and recommendations were served and forwarded to this Court. Objections were due within 20 days of service of the findings of fact, conclusions of law, and recommendations. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 10] **ORDERED**, that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶ 11] **IT IS FURTHER ORDERED**, that Jesse D. Matson is DISBARRED from the practice of law in North Dakota effective immediately.

[¶ 12] **IT IS FURTHER ORDERED**, that within 90 days of entry of judgment, Matson pay $4,000 restitution to Eric Hurt and $3,000 restitution to Christopher Frueh.

[¶ 13] **IT IS FURTHER ORDERED**, that Matson pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 90 days of entry of judgment.

[¶ 14] **IT IS FURTHER ORDERED**, that for any amounts already paid by the North Dakota Client Protection Fund on Matson's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Matson make restitution to the Fund within 90 days of receiving notice payment was made.

[¶ 15] **IT IS FURTHER ORDERED**, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶ 16] **IT IS FURTHER ORDERED**, that Matson must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 17] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Jerod E. Tufte

Lisa Fair McEvers

Jon J. Jensen